UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

v.                                              DECISION AND ORDER
                                                    10-CR–360

ARLENE COMBS, TERRY STEWART,
ALBERT PARSONS, DONALD GRIFFIN, and
DAYON SHAVER,
                          Defendants.

───────────────────────────────

## INTRODUCTION

Before the Court are defendants Arlene Combs, Albert Parsons, Dayon

Shaver and Donald Griffin's motions for severance and separate trials pursuant to

Federal Rule of Criminal Procedure 14(a).[1]  For the following reasons, defendant

Shaver's motion for severance is denied.  The remaining defendants' motions for

severance are held in abeyance pending the Government's submission of revised

redacted statements in accordance with the Court's decision as set forth below.

────────────────

[1] On the date that severance motions were scheduled to be filed, counsel for
defendant Terry Stewart filed an affirmation stating that she and the Government had
reached a resolution which would alleviate Stewart's need to pursue a severance
motion.  Based upon the affirmation, the agreement apparently consists of revisions to
certain statements and two trial stipulations.  During oral arguments of the severance
motions, counsel for Stewart stated that the Government had not yet disclosed the
proposed revisions.  Counsel further stated that provided the Government makes the
revisions previously agreed upon and in light of the agreed upon stipulations, defendant
Stewart would not pursue a motion for severance from co-defendants.

## PROCEDURAL BACKGROUND AND RELEVANT FACTS

A Fourth Superseding Indictment ("Indictment"), filed on November 26, 2013, charges defendants Combs and Stewart, together with others, with engaging in a criminal enterprise whose purposes included "obtaining merchandise, both through a ring of organized shoplifters...and by robbery, and thereafter selling that merchandise at a substantial profit in interstate and foreign commerce using internet sites."[2]  The Indictment further alleges that on July 5, 2010, defendant Combs solicited defendants Parsons, Griffin and others to steal property from Homer Marciniak.  Mr. Marciniak was assaulted during the robbery, and later died.  It is also alleged that Combs willfully attempted to influence the testimony of certain witnesses.

Defendants Combs and Stewart are charged with participating in the conduct of the affairs of an enterprise through a pattern of racketeering activity as defined in Title 18, United States Code Sections 1961(1) and 1961(5) ("RICO") and RICO conspiracy.  Defendants Combs, Parsons and Griffin are each charged with two counts of Violent Crime in Aid of Racketeering for the assault and felony murder of Mr. Marciniak.  Defendants Combs, Stewart and Shaver are charged

---

[2]  Two other defendants, Rico Vendetti and Brandon Meade, were also charged in the Indictment.  Defendant Vendetti is accused of masterminding the enterprise and is named in the majority of the 18 Counts of the Indictment.  The parties are in agreement that Vendetti will be prosecuted in a separate trial, which is currently scheduled to begin on December 4, 2014.  Defendant Meade entered into a plea agreement on September 16, 2014.

with conspiracy to transport stolen merchandise in interstate and foreign commerce, defendants Combs and Stewart are charged with transportation of stolen merchandise in interstate and foreign commerce, and defendant Combs is charged with witness tampering.

During the course of the investigation and prior to the filing of the Indictment, defendants Combs, Stewart, Parsons and Griffin each provided written statements to New York State police investigators implicating themselves as well as various co-defendants in the alleged crimes.  Defendants Combs and Stewart each gave oral statements to special agents of the FBI that are both inculpatory and incriminating as to co-defendants.  The Government contends that the six statements, while inadmissible at a joint trial in their original form, may be redacted and used during a joint trial without undue prejudice or a violation of defendants' Constitutional rights.  The Government submitted proposed redacted versions of the six statements at issue.

Defendants Combs, Parsons and Griffin argue that the statements made by co-defendants implicate each other in a manner that cannot be corrected through redactions, and therefore admission of the statements in any form during a joint trial would violate defendants' Constitutional rights.  Defendants further argue that the redactions proposed by the Government are insufficient because (1) even with the redactions, it is obvious who the speaker or author is referring to; (2) the Rule of Completeness bars the admission of the redacted statements

3

in the manner proposed by the Government; and (3) use of the redacted

statements unfairly prevents defense counsel from making an honest

presentation of facts to the jury.  Defendant Shaver, who is the only defendant not

implicated in any of the statements, argues that she must be severed in order to

avoid spillover prejudice.

## DISCUSSION

### *Joinder and Rule 8*

Federal Rule of Criminal Procedure 8 governs questions of joinder.  *United*

*States v. Cervone*, 907 F.2d 332, 341 (2d. Cir. 1990).  Rule 8(b) provides that an

indictment:

> may charge 2 or more defendants if they are alleged to have
> participated in the same act or transaction, or in the same series of
> acts or transactions constituting an offense or offenses.  The
> defendants may be charged in one or more counts together or
> separately.  All defendants need not be charged in each count[.]

*See* Fed. R. Crim. P. 8(b).  There exists a "preference in the federal system for

joint trials of defendants who are indicted together."  *Zafrio v. United States*, 506

U.S. 534, 537 (1993).  *See also United States v. Feyrer*, 333 F.3d 110 (2d. Cir.

2002) ("For reasons of economy, convenience and avoidance of delay, there is

preference in the federal system for providing defendants who are indicted

together with joint trials.")

The Second Circuit has interpreted the language of Rule 8(b) to mean that

"joinder is proper where two or more persons' criminal acts are 'unified by some

substantial identity of facts or participants' or 'arise out of a common scheme or plan'." *United States v. Cervone*, 907 F.2d 332, 341 (2d. Cir. 1990); *quoting United States v. Attanasio*, 870 F.2d 809, 815 (2d. Cir. 1989). In determining whether joinder is appropriate, district courts are urged to "apply a 'comonsense rule' to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice as to either or both of the defendants resulting from the joinder." *United States v. Shellef*, 507 F.3d 82, 96 (2d. Cir. 2007); *citing United States v. Turoff*, 853 F.2d 1037, 1044 (2d. Cir. 1988).

The Indictment sets forth allegations of RICO enterprise and RICO conspiracy involving an extensive scheme of robberies, shoplifting and the sale of stolen goods. The charges of transportation of stolen goods in interstate or foreign commerce, and conspiracy to transport stolen goods in interstate or foreign commerce are related directly to one of the enterprise's alleged purposes of selling stolen goods over the internet for a substantial profit. The assault and felony murder of Mr. Marciniak are alleged to have occurred during a home invasion and robbery, and are charged as violent crimes in aid of racketeering. The witness tampering charges relate directly to the FBI investigation of the incident involving Mr. Marciniak. It is clear, from the face of the Indictment, that there is a factual overlay between the counts and the criminal acts involved here. It is also clear that the criminal acts charged are unified by some substantial

identity of both facts and participants.  For these reasons, a joint trial is appropriate pursuant to Federal Rule of Criminal Procedure 8(b).

### *Severance and Rule 14*

Notwithstanding proper joinder, a defendant may move pursuant to Federal Rule of Criminal Procedure 14(a) for severance if he or she believes that the joinder is prejudicial.  *See* Fed. R. Crim. P. 14 ("If the joinder of offenses or defendants in an indictment...appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.")  The Supreme Court has instructed that "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment of guilt or innocence."  *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

### *Spillover Prejudice*

Defendant Shaver is charged in only Count 5 of the Indictment, Conspiracy to Transport Stolen Merchandise in Interstate and Foreign Commerce.  Defendant argues that because the other counts of the Indictment, including the RICO and Violent Crime in Aid of Racketeering charges, contain serious, disturbing and violent allegations, she will suffer spillover prejudice if tried jointly with the other defendants.

A defendant bears the burden of showing that prejudice from a joint trial "is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials". *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998). In fact, Rule 14 does not require severance even if prejudice is shown. *United States v. Friedman*, 854 F.2d 535, 563 (2d Cir. 1988). Instead, the defendant must show "prejudice so substantial as to amount to a miscarriage of justice". *Id.* at 563; *see also United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003) (holding that once a defendant has been properly joined, a district court should grant severance only if the defendant can show that the prejudice resulting from a joint trial would be so severe as to amount to a miscarriage of justice and the denial of a constitutionally fair trial); *United States v. Nersesian*, 824 F.2d 1294, 1303 (2d. Cir. 1987) ("It is thus not sufficient to show a likelihood that a separate trial would have benefitted the defendant.")

Courts recognize that all joint trials which include charges against one defendant but not another are in some way prejudicial. In light of the preference for joint trials, and the Court's ability to issue limiting instructions, this concept alone is not sufficient to require separate trials. Shaver's co-defendants are facing additional counts, some of which involve substantially more serious charges as well as allegations of violence. However, there appears to be no reason why the jury will not be able to weigh the evidence separately as to each defendant on each charge and render a fair and impartial verdict. Any potential prejudice to

defendant Shaver may be sufficiently overcome by limiting instructions which remind the jurors that they are to consider certain evidence as to certain defendants only, and that they must consider the guilt or innocence of each defendant, as to each count, separately. *See United States v. Carson*, 702 F.2d 351, 367 (2d. Cir. 1983) ("[T]he fact that evidence may be admissible against one defendant but not another does not necessarily require a severance."); *United States v. Potamitis*, 739 F.2d 784 (2d. Cir. 1984) (severance not appropriate where district judge's limiting instructions to the jury were adequate to protect defendants from spillover evidence admissible only against other co-defendants). Because defendant Shaver has not demonstrated a threat of prejudice so severe or substantial as to amount to a miscarriage of justice, her motion for severance on the grounds of spillover prejudice is denied.

### *Confrontation Clause*

In their respective motions for severance, defendants Combs, Parsons and Griffin all argue that admitting the post-arrest statements of co-defendants during a joint trial would violate their rights under the Confrontation Clause of the Sixth Amendment.  Defendants maintain that the redactions proposed by the Government fail to cure the problem, since the redacted statements are confusing, prejudicial and violate the Rule of Completeness.

The Confrontation Clause of the Sixth Amendment provides that "in all criminal prosecutions, the government cannot introduce at trial statements

containing accusations against the defendant unless the accuser takes the stand against the defendant and is available for cross examination." *Ryan v. Miller*, 303 F.3d 213, 247 (2d. Cir. 2002). Where accusatory statements are admissible at a trial against some defendants but not others, the law recognizes that a trial court's limiting instruction to consider the statements only as to those defendants against whom they are admissible is generally sufficient to eliminate any Confrontation Clause concerns. *United States v. Jass*, 69 F.3d 47 (2d. Cir. 2009). However, there is an exception to this general principle when, during a joint trial, a non-testifying co-defendant's confession specifically inculpates a co-defendant. *United States v. Bruton*, 391 U.S. 123 (1968). In *Bruton*, the Supreme Court held that "where powerfully incriminating extra-judicial evidence statements of a co-defendant, who stands accused side-by-side with a defendant" are admitted at a joint trial, courts "cannot accept limiting instructions as an adequate substitution for [the defendant's] constitutional right to cross-examination." *Id*. at 135-37.

Later, in *Richardson v. Marsh*, the Supreme Court set forth a narrow exception to *Bruton*'s rule that admission of a non-testifying defendant's statement implicating a co-defendant violates the Sixth Amendment. 481 U.S. 200 (1976). There, the Supreme Court held that the Confrontation Clause is not violated "by the admission of a non-testifying co-defendant's confession with a proper limiting instruction when...the confession is redacted to eliminate not only the defendant's name, but also any reference to his or her existence." *Id*. at 211. Importantly, the

Supreme Court instructed that this exception is valid so long as the confession is no longer incriminating on its face, even if it becomes incriminating against the defendant when linked with other evidence at trial. *Id.*

With regard to redacted confessions, the Supreme Court urges district courts, whenever possible, to completely eliminate the mention of a non-declarant defendant's existence. *Id.* at 211. Thus, neutral pronoun substitution should only be used when complete redaction would distort the confession by either excluding potentially exculpatory information or changing the "tenor of the utterance as a whole." *Jass*, 569 F.3d at 56 (complete redaction was not possible since it would have changed the substance of the confession, because acknowledgment of a confederate or partner was critical to proving that the confession was to both the conspiracy as well as the substantive charges).

In accordance with the holdings in *Bruton* and *Richardson*, the Second Circuit has concluded that "a redacted statement in which the names of co-defendants are replaced by neutral pronouns, with no indication to the jury that the original statement contained actual names, and where the statement standing alone does not otherwise connect co-defendants to the crimes, may be admitted without violating a co-defendant's *Bruton* rights." *United States v. Tutino*, 883 F.2d 1125, 1135 (2d. Cir. 1989); *Jass*, 569 F.3d at 62 (redactions and substitutions can avoid *Bruton* error if the altered statement uses words "that might actually have been said by a person admitting his own culpability in the

charged conspiracy while shielding the specific identity of the confederate"). Thus, the Second Circuit has allowed proper names to be replaced with the following terms, "among others" "another person", "others", "other people", "another person", "he", "this guy", "another guy", and "friend." *United States v. Taylor*, 745 F.3d 15, 28-29 (2d. Cir. 2014) (collecting cases).

In *Jass*, the Second Circuit found that substituting neutral words such as "another person" or "other person" did not violate a defendant's Sixth Amendment rights because it would not have been immediately obvious to the jury that the declarant was referring to the defendant. 569 F.3d at 59-62 ("[defendant] told me that he took pictures of [Victim 2] and the other person in sexual poses"; "[defendant] told me that he and the other person and [Victim 2] were able to view the photographs on the digital camera"). Also importantly, the Court in *Jass* found that the statements were still sufficiently attenuated from the co-defendant as to avoid a *Bruton* problem, despite the fact that the statements implicated only a single accomplice. *Id.* ("where a jury must look to other trial evidence to link a defendant to a redacted confession, the Confrontation clause calculus changes sufficiently to remove the statements from *Bruton*'s perspective").

District courts must be careful, however, because not all neutral pronoun substitutions are sufficient to avoid *Bruton* issues. Recently, in *United States v. Taylor*, the Second Circuit held that defendants' Confrontation Clause rights were violated where co-defendant's confessions were redacted in a manner that left

obvious indicia that co-defendants' names had been deleted.  745 F.3d 15 (2d. Cir. 2014).  Specifically, the redactions suggested that declarant's original statements contained actual names.  Throughout the statements, declarant referred to Luana Miller (a cooperator) without redaction, together with persons who were unnamed: "Luana Miller and two other individuals"; "the person waiting with Luana Miller and [declarant]; "declarant, Luana Miller, and the driver."  *Id.* The Court reasoned that the redaction was implausible for the jury since, if the declarant had been trying to avoid naming his confederates, he would not have named Luana Miller.  *Id.* at 30-31.  The Second Circuit also took issues with the "stilted circumlocutions" in the redactions, such as "the robbery was the idea of the person who waited with Luana Miller and [declarant] at the gas station."  *Id.* Ultimately, the Second Circuit concluded that while case law "does not require the most natural and colloquial rendering of how a drug thief would have shielded the identity of his confederates...the awkward circumlocutions used to reference other participants, coupled with the overt naming of Luana Miller (only), is so unnatural, suggestive, and conspicuous, as to offend *Bruton*... and *Jass." Id*.

The Government provided proposed redactions to the six statements at issue here.  The Court has carefully viewed the redacted statements, as well as the submissions by the parties, and finds that the redactions proposed are insufficient to preserve defendants' rights under the Confrontation Clause in that the redactions do not "sufficiently conceal the facts of explicit identification to

eliminate the overwhelming probability that a jury hearing the confession at a joint trial will not be able to follow an appropriate limiting instruction." *Jass*, F.3d at 61.

Due to the nature of the charges, which include conspiracy and RICO counts, the Court acknowledges that the use of neutral pronouns and references to planning with others is necessary and do not, in and of themselves, violate the principles set forth in *Jass* and *Taylor*. However, in reviewing the proposed redactions, the Court notes that there are a number of instances where, either because of the awkward language used or the fact that some individuals are named specifically and others are not, it is obvious that the statements have been altered. For example, "Juan, the other person and several others including Timmy", and "Stewart and Trish began smoking crack while someone else divided up the crack." The Court also finds that many of the proposed redactions contain the kinds of "stilted circumlocutions" which provide obvious indicia that co-defendants names have been deleted, and which the Second Circuit expressly rejected in *Taylor*. For example, "[s]omeone else had told one of that person's brothers friend Juan about the offer that Rico made" and "[t]he other person came to me and told me that he/she said something to Juan."[3] Since the redactions proposed by the Government fail to use words that might actually have been said by a confessing individual, while at the same time shielding the identity of

---

[3]  The specific statements referenced by the Court herein are offered only as examples of some of the proposed redactions which the Court finds problematic, and are not meant to serve as an exhaustive list.

confederates, they offend the principles of *Bruton* and Second Circuit precedent discussed herein.

Notwithstanding the problems presented by the proposed redactions, the Court recognizes the preference in the federal court for a joint trial of defendants who are jointly indicted. *See United States v. Zafiro*, 506 U.S. 534, 537-39 (1993) ("Joint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."); *United States v. Feyrer*, 333 F.3d 110, 114 (2d. Cir. 2003) (The Second Circuit has made clear that "for reasons of economy, convenience, and avoidance of delay, there is a preference in the federal system for providing defendants who are indicted together with joint trial.")

In an effort to determine whether a joint trial may be conducted without issues arising under the Confrontation Clause, the Government is instructed to submit revised redactions to any statements it intends to offer at a joint trial. Counsel for defendants are encouraged to work with the Government to determine what, if any, agreements may be reached as to appropriate redactions of the statements as well as trial stipulations or limiting instructions related to the statements. If no agreement may be reached, the Court will consider the revised redactions as well as defendants' arguments as to prejudice and the Rule of Completeness at that time. Any statements that are not redacted in a manner acceptable to the Court will be precluded from use at a joint trial.

14

**<u>CONCLUSION</u>**

Defendant Shaver's motion for severance on the grounds of spillover prejudice is denied.  The Government shall submit proposed revised redactions to the six statements in accordance with this Court's Decision and Order on or before November 17, 2014.  Any responses by defendants shall be filed on or before November 24, 2014.  Oral argument as to the proposed revised redactions will be held on November 26, 2014 at 10:00 a.m.  Defendant Combs, Parsons and Griffin's motions for severance will be held in abeyance pending the parties' additional submissions and oral argument.


SO ORDERED.


_____*Richard J. Arcara*_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   November 10 , 2014